UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILISSA ROGERS,

        Plaintiff,                                        Hon. Janet T. Neff

v.                                                      Case No. 1:17-cv-383

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 134). Plaintiff initiated this action on April 26, 2017, against various MDOC officials alleging (1) sex discrimination; (2) hostile work environment/harassment; (3) forgery of legal documents; (4) violation of the Family and Medical Leave Act (FMLA); (5) retaliation; and (6) defamation of character. Plaintiff's claims have all since been dismissed save her FMLA claim against Defendant Palmer seeking prospective relief. Defendant Palmer now moves for summary judgment as to Plaintiff's lone remaining claim. Plaintiff has not responded to or otherwise opposed Defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## ANALYSIS

Defendant Palmer's motion for summary judgment was served on Plaintiff on January 24, 2019. (ECF No. 134 at PageID.4232). Plaintiff was required to respond to this motion "within twenty-eight (28) days after service of the motion." W.D. Mich. LCivR 7.2(c). Thus, Plaintiff's

response to Defendant Palmer's motion for summary judgment was due no later than February 21, 2019. This deadline has long since passed and Plaintiff has failed to respond to the present motion.

While Plaintiff is representing herself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 134), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 6, 2019   /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge